IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § | Case No. 4:11CR231 |
| | § § § | |
| RICHARD JOHNSON | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE DENYING DEFENDANT'S MOTION TO SUPPRESS**

This matter having been referred by the Honorable Richard A. Schell, the Court has considered Defendant's Motion to Suppress (Dkt. 92). After considering the evidence and the arguments of counsel presented at the June 11, 2012 hearing, the Court finds that the motion should be DENIED.

### FACTUAL BACKGROUND & EVIDENCE PRESENTED

Defendant is charged with a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine. In his motion, Defendant has challenged the search of his cell phone which was seized at the time of his arrest on October 19, 2011.

At the June 11, 2012 hearing, the Government called Carlton Stapleton with the Texas Department of Public Safety to testify. Stapleton described the arrest of Defendant on October 19, 2011. Apparently, Defendant drove a co-defendant, Cross, to two meetings with an undercover officer on October 19, 2011. According to Stapleton, the purpose of the meetings was to arrange for the purchase of cocaine. The vehicle was not owned by Defendant but by Cross. Defendant and

1

Cross were arrested during the second meeting with the undercover police officer.

Cross's vehicle was searched almost immediately after Defendant's arrest. Stapleton testified that he believed the vehicle contained evidence of narcotics trafficking since Cross had communicated with undercover officers about the purchase of cocaine and arrived in the vehicle in conjunction with that purchase. Defendant's cell phone was discovered in the front driver's seat area but Defendant was already in custody in handcuffs inside a police vehicle. Four additional cell phones were found in the vehicle. No guns, drugs, or currency were found in the vehicle.

Upon returning to the DPS office, Stapleton testified, he searched the contents of Defendant's cell phone. He acknowledged that he did not have a warrant or Defendant's consent to do so. After determining who each phone belonged to, Stapleton did a scan of each cell phone's contacts and recent calls. This initial search took only a few minutes and was conducted approximately 45 minutes to an hour after Defendant's arrest and before Defendant was interviewed. Defendant had not yet been booked when this initial search was conducted.

According to Stapleton, the contents of Defendant's phone were then downloaded for further analysis. This occurred approximately a day and a half after Defendant's arrest. A tech agent at the DPS office conducted the forensic analysis which, according to Stapleton, contained the same information he reviewed during in the initial scan of the phone but in a printed out format. Stapleton conceded that he did not obtain a warrant or Defendant's consent for this later forensic test.

Defendant did not offer any witnesses but offered two pieces of documentary evidence, a case summary and a SIM/USIM examination report, reflecting the downloaded contents of the cell phone.

## AUTHORITIES & ANALYSIS

Although Defendant's two-page motion is not entirely clear as to whether he challenges both the seizure of the phone and the search of its contents, at the hearing, counsel stated that he seeks to challenge both.[1] Thus, the Court will address both the preliminary search and seizure and the subsequent downloading of its contents. Frst the Court turns to the seizure of the phone.

The Fourth Amendment protects individuals "against unreasonable searches and seizures." U.S. CONST. amend. IV. As the Fifth Circuit has explained in both *Finley* and *Curtis*, although the Fourth Amendment generally prohibits warrantless searches, in the case of a lawful custodial arrest, a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a reasonable. *U.S. v. Curtis*, 635 F.3d 704, 711-712 (5th Cir. 2011); *United States v. Finley*, 477 F.3d 250, 259–60 (5th Cir. 2007). "Incident to a lawful arrest, the police may search: the arrestee's person; any items or containers that were located on the arrestee's person at the time of the arrest; and any items or containers that were located within the arrestee's reaching distance at the time of the arrest." *Curtis*, 635 F.3d at 711-712. *See also Finley*, 477 F.3d at 259–60. In *Arizona v. Gant* – relied upon by Defendant – the United States Supreme Court further clarified the incident to arrest exception to the search warrant requirement by holding that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle

---

[1] At the hearing, Defendant's counsel also clarified that he is not contending that the arrest was unlawful in this matter but merely challenges the seizure and search of the phone. The Court previously denied Defendant's motion to return his cell phone because it was seized incident to his lawful arrest and has been identified as evidence to be used against him. *See* Dkt. 98.

3

contains evidence of the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 351, 129 S. Ct. 1710, 1723 - 1724 (2009). In this case, the Government argues – and the Court agrees – that the search of Cross's vehicle without a warrant was lawful under current U.S. Supreme Court and Fifth Circuit authority.

Here, Stapleton testified that Defendant's cell phone was in the driver's seat of the car driven by Defendant. Because it is undisputed that Defendant was in custody in handcuffs in the back of a police car when the car was searched, the Court finds that the first *Gant* exception – that Defendant was in reaching distance at the time of the search – does not apply.

Nonetheless, the Court finds that no warrant was required for the search of the vehicle and the ultimate seizure of the phone. Based on the evidence before the Court, the Court finds that it was reasonable to believe that the vehicle contained evidence of drug trafficking. Stapleton testified that undercover officers and Cross had been negotiating a drug transaction on October 19 which involved two trips in Cross' car, driven by Defendant. Because the vehicle was used in the two face-to-face meetings, it was reasonable to believe that the vehicle would contain evidence of drug trafficking including currency, weapons, or illegal drugs. As to any cell phones seized specifically, Stapleton testified that prior to the meeting with Cross and Defendant on October 19, 2011, cell phones had been used to arrange the drug transaction. Thus, it was reasonable to believe that the phones in the car would contain evidence of communications made in furtherance of drug trafficking.

Indeed, as to the search of the contents of the phone, the Fifth Circuit has held that "the police can search the contents of an arrestee's cell phone incident to a valid arrest." *Curtis*, 635 F.3d at 712 (citing *Finley*, 477 F.3d at 254). As long as the administrative processes incident to arrest have not

been completed, a search that could have been made at the time of arrest may legally be conducted later when the accused arrives at the place of detention. *Id.* at 711-712. As recently as May 2012, the Fifth Circuit, in an unpublished opinion, noted that no warrant is required to search phone contents – including messages and call logs – when the seizure of the phone is incident to a lawful arrest. *See United States v. Butler*, 2012 WL 1819015, *4 (5th Cir. 2012). Here, the initial scan of Defendant's phone occurred before his booking was complete and before he was interviewed by police. The Court finds its was lawful under *Finley* and *Gant*.

The Court now turns to whether the later forensic search is subject to a different scrutiny or separate analysis such that a warrant was required to download and print the information already observed during the initial scan. The Court finds that, under the facts and authorities before it, it is not.

Although Defendant argues a temporal distinction between the initial scan – occurring 45 minutes to an hour after arrest – and the later download of information – occurring a day and a half after his arrest – the Court can find no authority that would indicate that, once there is probable cause to believe a phone contains evidence of drug trafficking, it cannot be kept for further analysis and testing. In *U.S. v. Edwards*, the United States Supreme Court held that clothing or other belongings of a lawfully arrested defendant may be seized and kept in official custody and later subjected to laboratory analysis. *U.S. v. Edwards*, 415 U.S. 800, 94 S. Ct. 1234, 1237-1238 (1974) ("When it became apparent that the articles of clothing were evidence of the crime for which Edwards was being held, the police were entitled to take, examine, and preserve them for use as evidence, just as they are normally permitted to seize evidence of crime when it is lawfully encountered."). The Court

finds that such a holding is equally applicable to cell phones lawfully seized incident to arrest. Indeed, the Fifth Circuit has cited with approval the Fourth Circuit's opinion in *U.S. v. Murphy* which rejected an argument requesting suppression of an already-seized cell phone's contents because a search was not performed contemporaneous with arrest. *U.S. v. Murphy*, 552 F. 3d 405, 412 (4th Cir. 2009) (cited with approval in *Curtis*, 635 F.3d at 712, n.14). That court held that "once the cell phone was held for evidence, other officers and investigators were entitled to conduct a further review of its contents, as Agent Snedeker did, without seeking a warrant." *Id.* at 412.

Moreover, Stapleton testified that the information that was downloaded was already observed during his initial scan of the phone. Not only is this sufficient to create independent probable cause to seize the phone, the Court finds that practically there is no other way to capture the contents of the cell phone for presentation to a judge and jury at the time of trial than to download it.

It is important to note that in a footnote in *Curtis*, the Fifth Circuit left open the continuing viability of *Finley* and *Edwards* post-*Gant* by stating:

> We express no opinion on the scope of the rule announced in *Gant,* the continuing viability of *Finley* post- *Gant,* or the interaction between *Gant* and *Edwards, compare supra* notes 10–11 and accompanying text, *with Gant,* 129 S. Ct. at 1723 ('Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment *at the time of the search* or it is reasonable to believe the vehicle contains evidence of the offense of arrest.' (emphasis added)).

*U.S. v. Curtis*, 635 F.3d 704, 714, n.29 (5th Cir. 2011).

However, since, at this time, both *Finley* and *Curtis* remain good Fifth Circuit law — and without any authority to the contrary — this Court is bound by Fifth Circuit precedent and finds that, even taking into account *Gant*'s narrowing of the search incident to arrest exception, the warrantless

search and seizure of the phone and its contents was lawful because it was reasonable to believe that the vehicle and phone contained evidence of drug trafficking.

Therefore, the Court recommends that Defendant's Motion to Suppress (Dkt. 92) be DENIED.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 18th day of June, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE